IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Norman IP Holdings, LLC, | § |
| Plaintiff, | § § § |
| v. | § Civil Action No.  6:11-cv-495 |
| Brother International Corporation and Lexmark International, Inc. | § § § **Jury Trial Demanded** |
| Defendants. | § § § |

## ORIGINAL COMPLAINT

Norman IP Holdings, LLC ("Norman"), by and through its attorneys, for its Original Complaint against Defendants Brother International Corporation and Lexmark International, Inc. (collectively, "Defendants"), hereby alleges as follows:

### I.  NATURE OF THE ACTION

1. This is a patent infringement action to end Defendants' unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff Norman's patented inventions.

2. Norman is owner of all right, title, and interest in and to: United States Patent No. 5,530,597 (the "'597 Patent"), issued on June 25, 1996, for "Apparatus and Method for Disabling Interrupt Masks in Processors or the Like"; United States Patent No. 5,502,689 (the "'689 Patent"), issued March 26, 1996, for "Clock Generator Capable of Shut-Down Mode and Clock Generation Method"; and United States Patent No. 5,592,555 (the "'555 Patent"), issued January 7, 1997, for "Wireless Communications Privacy Method and System" (collectively, the

"Patents").  True and correct copies of the Patents are attached hereto as Exhibits 1–3.

3. Each of the Defendants manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner; and/or contributes to the making and use of infringing products and services by others, including their customers, who directly infringe the Patents.

4. Plaintiff Norman seeks injunctive relief to prevent Defendants from continuing infringement of Plaintiff's valuable patent rights.  Plaintiff Norman further seeks monetary damages and prejudgment interest for Defendants' past infringement of the Patents.

5. This is an exceptional case, and Norman is entitled to damages, enhanced damages, attorneys' fees, costs, and expenses.

## II.   THE PARTIES

6. Plaintiff Norman is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 E. Ferguson, Suite 816, Tyler, Texas 75702.

7. Upon information and belief, Defendant **Brother International Corporation** is a Delaware corporation with its principal place of business located at 100 Somerset Corporate Boulevard, Bridgewater, NJ 08807-0911.  Upon information and belief, **Brother International Corporation** is authorized to do business in Texas and has appointed Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 as its agent for service of process.  Hereinafter **Brother International Corporation** will be referred to as "Brother."

8. Upon information and belief, Defendant **Lexmark International, Inc.** is a

Delaware corporation with its principal place of business located at 740 New Circle Road, Lexington, KY 40550.  Upon information and belief, **Lexmark International, Inc.** is authorized to do business in Texas and has appointed CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234 as its agent for service of process.  Hereinafter **Lexmark International, Inc.** will be referred to as "Lexmark."

### III.   JURISDICTION AND VENUE

9.   This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

10.   This Court has personal jurisdiction over each of the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

### IV.   PLAINTIFF'S PATENTS

11.   The '597 Patent teaches an interrupt enable circuit to enable and disable the interrupt at any time except under certain conditions, at which time the system can override the interrupt mask.  Electronic devices practicing the inventions claimed in the '597 Patent can exit certain processes or states without using a hardware reset and thus protect against unnecessary information loss.  Further, through the use of the inventions claimed in the '597 Patent, such electronic devices can prevent situations where the processor is locked in a certain state because all interrupts were masked by software when the processor entered such state.

12.   The '689 Patent discloses a clock generator and interrupt bypass circuit for use in reducing the power consumption of the electrical system in which they are implemented.  The clock generator may provide module clock signals for sequencing modules within the same

electrical system, and is capable of generating those module clock signals when in an active mode, and of not generating those module clock signals when in a stand-by mode. The clock generator is further capable of providing a delay of a predetermined length from a request to enter shut-down mode to actual entry into shut-down mode, allowing time to prepare the electrical system for shut-down mode. The interrupt bypass circuit may provide a means of leaving shut-down mode in the event that the relevant interrupt requests have been masked.

13. The '555 Patent discloses a system and method for processing and securing communication signals over a wireless communications network. An enciphering algorithm may be programmatically selected and applied to the signals for secure transmission.

14. Norman has obtained all substantial right and interest to the Patents, including all rights to recover for all past and future infringements thereof.

## V. LICENSING RELATED TO THE PATENTS

15. On February 1, 2010, Saxon Innovations, LLC ("Saxon") assigned to Norman IP Holdings LLC all right, title, and interest in the Patents. Saxon had acquired the asserted Patents through a Patent Purchase Agreement between Saxon and Saxon IP Assets, LLC ("Seller") effective as of July 6, 2007 ("the Patent Purchase Agreement").

16. Norman's business includes acquisition and licensing of intellectual property. In that regard, Norman has licensed the Patents to numerous Fortune 500 companies. Norman has also entered into settlement agreements in connection with litigation in the Eastern District of Texas and in the International Trade Court.

## VI.     DEFENDANTS' ACTS

### Brother

17.     Brother manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Brother systems include, for example, Brother HL series laser printers and related products.  With knowledge of the Patents, Brother provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

18.     Through its actions, Brother has infringed the '689 Patent and '555 Patent and actively induced others to infringe and contributed to the infringement by others of the '689 Patent and '555 Patent throughout the United States.

19.     Norman has been and will continue to suffer damages as a result of Defendant Brother's infringing acts unless and until enjoined.

### Lexmark

20.     Lexmark manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Lexmark systems include, for example, the Lexmark Pro700 Series, the Lexmark C544dn and similar products.  With knowledge of the Patents, Lexmark provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

21.     Through its actions, Lexmark has infringed the '689 Patent, '597 Patent and '555 Patent and actively induced others to infringe and contributed to the infringement by others of the '689 Patent, '597 Patent and '555 Patent throughout the United States.

22.     Norman has been and will continue to suffer damages as a result of Defendant Lexmark's infringing acts unless and until enjoined.

## VII. WILLFULNESS

23. Plaintiff Norman alleges upon information and belief that, as of the date of the filing of this Complaint, Defendants have knowingly or with reckless disregard willfully infringed the '597 Patent and '689 Patent. Defendants have been provided written notice of infringement of the '597 Patent and '689 Patent. Defendants acted with knowledge of the Patents and despite an objectively high likelihood that their actions constituted infringement of Norman's valid patent rights.

24. This objectively-defined risk was either known or so obvious that it should have been known to each of these Defendants. Norman seeks enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 5,530,597

25. Plaintiff Norman realleges and incorporates herein paragraphs 1–24.

26. Defendant Lexmark has infringed the '597 Patent.

27. Defendant Lexmark has indirectly infringed the '597 Patent by inducing the infringement of the '597 Patent and contributing to the infringement of the '597 Patent.

28. Upon information and belief, Defendant Lexmark has jointly infringed the '597 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

29. Defendant Lexmark's aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO. 5,502,689

30. Plaintiff Norman realleges and incorporates herein paragraphs 1–24.

31. Defendants have infringed the '689 Patent.

32. Defendants have indirectly infringed the '689 Patent by inducing the infringement of the '689 Patent and contributing to the infringement of the '689 Patent.

33. Upon information and belief, Defendants have jointly infringed the '689 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

34. Defendants' aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT THREE
## PATENT INFRINGEMENT—U.S. PATENT NO. 5,592,555

35. Plaintiff Norman realleges and incorporates herein paragraphs 1–24.

36. Defendants have infringed the '555 Patent.

37. Defendants have indirectly infringed the '555 Patent by inducing the infringement of the '555 Patent and contributing to the infringement of the '555 Patent.

38. Upon information and belief, Defendants have jointly infringed the '555 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

39. Defendants' aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## VII. JURY DEMAND

31. Plaintiff Norman hereby demands a jury on all issues so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Norman respectfully requests that the Court:

A. Permanently enjoin each Defendant, its agents, servants, and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the Patents;

B. Award Plaintiff Norman past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C. Declare this case exceptional pursuant to 35 U.S.C. §285; and

D. Award Plaintiff Norman its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: September 15, 2011

By: /s/ Andrew G. DiNovo
Andrew G. DiNovo
Texas State Bar No. 00790594
Adam G. Price
Texas State Bar No. 24027750
Chester J. Shiu
Texas State Bar No. 24071126
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627