IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NORMAL IP HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEXMARK INTERNATIONAL, INC. ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:11-cv-495 – LED <br><br> **JURY  DEMANDED** |

**GARMIN INTERNATIONAL, INC.'S AND
GARMIN USA, INC.'S MOTION TO DISMISS OR,
ALTERNATIVELY, FOR SEVERANCE DUE TO MISJOINDER**

Despite the express instruction in the new patent joinder statute forbidding a plaintiff from joining in one lawsuit defendants that have not acted in concert to infringe the patents-in-suit, 35 U.S.C. § 299(b), Plaintiff Norman IP Holdings LLC ("Norman IP") has sued Garmin International, Inc. and Garmin USA, Inc. ("Garmin") together with over 20 other unrelated defendants.  At no point does Norman IP allege that Garmin acted in concert with any of the other defendants, nor does Norman IP even acknowledge the joinder statute.  Accordingly, pursuant to 35 U.S.C. 299(b) and Federal Rules of Civil Procedure 20 and 21, Garmin respectfully requests that the Court dismiss Garmin from this case or, alternatively, sever Garmin from this case.

**ARGUMENT**

The America Invents Act, which became law on September 16, 2011, reformed the law on joinder in the context of patent cases.  As codified in 35 U.S.C. § 299, joinder of multiple parties in a single, consolidated patent case now requires two things – (1) claim is asserted

against the parties jointly, severally, or it arises out of the same transaction or occurrence relating to the same accused product or process, ***and*** (2) common questions of fact:

> a) JOINDER OF ACCUSED INFRINGERS.--With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if--
>
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299. The statute further makes clear that merely asserting the same patents-in-suit against multiple defendants is insufficient for joinder:

> (b) ALLEGATIONS INSUFFICIENT FOR JOINDER.--For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

*Id*. This law applies to any lawsuit filed after September 16, 2011 (AIA § 19(e)).

Norman IP sued Garmin on January 27, 2012, months after the passage of the AIA. As a consequence, the new joinder standard applies.[1] *See Mellon v. Arkansas Land & Lumber Co.*, 275 U.S. 460, 463 (1928); *see also Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969) ("Substitution of a completely new defendant creates a new cause of action."); *Martz v. Miller Bros.*, 244 F. Supp. 246, 249 (D. Del. 1965) ("If . . . the amendment in effect brings in a new party, a new cause of action results and the amendment cannot relate back to the original

---

[1] Apparently cognizant that the law on joinder in patent cases was changing, Norman IP filed its original complaint on the eve of the enactment of the AIA, September 15, 2011. (Dkt. 1). However, Norman IP did not sue Garmin until it filed its Second Amended Complaint on January 27, 2012. Thus, the new joinder standard applies to Norman IP's case against Garmin.

complaint."). And Norman IP has entirely failed to satisfy the new joinder standard, for its Second Amended Complaint (Dkt 15) never alleges that Garmin is jointly or severally liable with any other named defendant, nor does Norman IP accuse Garmin of making, using, or selling the same product or process as any other defendant. Accordingly, Garmin must be dismissed.[2]

Finally, dismissal of Garmin from this action – where it has been sued with unrelated defendants – is in keeping with the purpose of the new joinder rule. As explained by Congress, the new joinder rule for patent litigation "restricts joinder of defendants to cases arising out of the same facts and transactions, which ends the abusive practice of treating as codefendants parties who make completely different products and have no relation to each other." 157 Cong. Rec. H4426 (daily ed. June 22, 2011). As set forth below, the defendants in this case: (a) sell different products, (b) are accused of infringing different combinations of the five patents-in-suit, and (c) are accused of selling infringing products that contain chipsets made by different manufacturers:

*Table 1 – Categories of Accused Products Sold by Each Defendant*

| Product Type | Defendants |
|---|---|
| Printers | Lexmark, Ricoh, Xerox |
| GPS Devices | TomTom, Garmin |
| Automobiles | BMW, Ford, General Motors, Mercedes, Volkswagen |
| WiFi Devices | Belkin, D-Link, Novatel |
| DVRs | Dish |
| Televisions | JVC, Viewsonic, Vizio |
| Cameras | JVC |
| Mobile Phone Chips | ZTE Solutions |
| Medical Scanners | General Electric |

---

[2] This case is different from *Ganas, LLC v. Sabre Holdings Corp.*, Civil Action No. 10-cv-320- DF, D.I. 405 (E.D. Tex. Oct. 19, 2011) (attached as Ex. A). This Court declined on the facts of that case to apply the America Invents Act to defendants that had been joined in a lawsuit prior to its enactment. Ex. A, slip op. at 15-16. In this case, Garmin was not joined until after the AIA was enacted.

**GARMIN'S MOTION TO DISMISS OR, PAGE 3
ALTERNATIVELY, FOR SEVERANCE DUE TO MISJOINDER**

*Table 2 – Patents Asserted Against Each Defendant*

| Patents-in-Suit | Alleged Infringer |
|---|---|
| '555 | Belkin |
| '555, '689 | Dish |
| '689, '597, '873 | TomTom |
| '689, '597, '555 | Lexmark, D-Link, JVC, Vizio, Xerox |
| '689, '597, '873, '555 | Ford, Garmin |
| '689, '597, '873, '555, '394 | Ricoh, BMW, General Motors, General Electric, Mercedes, Novatel, Viewsonic, Volkswagen, ZTE Solutions |

*Table 3 – Chipsets Used in Accused Infringing Products*

| Chipset Supplier | Defendant |
|---|---|
| Broadcom | Belkin, Dish, Ford, TomTom, Vizio |
| Qualcomm | General Motors, Mercedes, Novatel, ViewSonic, Volkswagen, ZTE Solutions |
| ARM | General Motors, Mercedes, ViewSonic |
| Marvell | D-Link, Vizio |
| Freescale | Ford, General Motors, Mercedes |
| nVidia | BMW, Volkswagen |
| Others[3] | Belkin, Garmin, General Electric, JVC, Lexmark, Novatel, Viewsonic, Vizio, Xerox |

Quite simply, there is no basis, post-AIA, for Norman to group Garmin together with other defendants that are selling different products, allegedly infringing different patents, and using different allegedly infringing chipsets. To allow Norman IP to join Garmin here – after the enactment of the AIA – would violate the language of the statute and vitiate Congressional intent to prohibit such actions. For all of these reasons, Garmin respectfully requests that the Court dismiss, or alternatively sever, Garmin from this action.

---

[3] The defendants listed in the "others" category are identified by Norman as selling accused products containing what appear to be proprietary chipsets or chipsets made by one or more the following companies: Realtek, STMicroelectronics, OCTEON, Mediatek, Ambarella, and Quattro.

                                      Respectfully Submitted,

Dated: February 27, 2012                */s/ Michelle L. Marriott*
                                      Eric A. Buresh, *pro hac vice* to be filed
                                      Michelle L. Marriott
                                      State Bar No. 24043802
                                      Abran J. Kean, *pro hac vice* to be filed
                                      Paul R. Hart, *pro hac vice* to be filed
                                      **Erise IP, P.A.**
                                      5251 West 116th Place
                                      Suite 200
                                      Leawood, KS 66211
                                      (913) 777-5600
                                      Attorneys for GARMIN

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this the 27th day of February, 2012. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ *Michelle L. Marriott*
Michelle L. Marriott